# CIRCUIT COURT OF GREENE COUNTY

Downey et al.

v.

Allegheny
Power Co. et al.

March 17, 2008

Case No. CH04-000114

BY JUDGE DANIEL R. BOUTON

I have now had an opportunity to review the written arguments that have been submitted in connection with the above referenced case. I have also reflected on the *ore tenus* evidence that was introduced at trial and I have studied the trial exhibits. For the reasons set forth below, the request of the complainants that the court enter an order that removes the disputed utility easements as clouds on title will be denied. The court also declines to revise, modify, or limit the terms of any of the recorded easements in this cause of action.

The first issue that must be resolved is whether the complainants have proven that any of the easements are a cloud on title. There are two reasons why the court concludes that the evidence in this case is insufficient to establish that any of them constitute a cloud. First, none of them are a cloud as that term has been defined by the cases and treatises that have discussed the issue. The second reason is based on the pleadings that govern the dispute. Here, the pleadings identify a number of specific reasons why the easements are alleged to be a cloud on title; however, the evidence at trial did not prove that any of the reasons apply in this case.

Turning to the relevant principles of law, the court adopts as part of its rationale the arguments set forth on pages nine through twelve of the post-trial memorandum of Mr. Montgomery. In particular, as argued by him, the court finds no evidence that any of the easements are invalid, nor was any evidence

offered to establish that any of them impair or adversely affect the plaintiffs title. It is true that the use of the property may in some ways be affected by the phone company's legal right to rely on the easements. However, it does not follow that the easements impair, diminish, or adversely affect the title. The evidence in this case did not establish that any of them had a significant, negative impact on the property. While a utility easement under certain circumstances may be so invasive and restrictive in its terms that it can arguably be a cloud on title, the complainants produced no evidence to support this assertion here with respect to the four easements in dispute.

The court's analysis is also consistent with the definition of a cloud on title that has been approved by the Supreme Court of Virginia. In the case of *Day v. Vaughn & Usilton, Inc.*, 193 Va. 168, 172, 67 S.E.2d 898 (1951), the court defined a cloud on title as follows:

> What is a cloud? *Black's Law Dictionary* defines it to be an outstanding claim or incumbrance which, if valid, would affect or impair the title of the owner of a particular estate, and which apparently on its face has that effect, which can be shown by extrinsic proof to be invalid or inapplicable to the estate in question. A cloud is said to be the semblance of a title, either legal or equitable, or a claim of an interest in lands, appearing in some legal form, but which is in fact unfounded; or which it would be inequitable to enforce.

(Citations omitted.)

In the case before the court, there was no evidence to prove that the title of the complainants would be impaired or affected by any of the easements. There was also no extrinsic proof that demonstrated that the easements were invalid, inapplicable, or in fact unfounded. Finally, the complainants did not establish that it would be inequitable to enforce any of the easements.

With regard to what the pleadings assert about why the easements are a cloud, the court reaches the same conclusion. To begin with, as argued by Mr. Montgomery, the court's rulings in this case must be premised on the specific claims for relief that are in the pleadings that have been filed and on the evidence that was elicited at trial in support of the claims. Here, the pleadings state that the easements in question are "objections to title"; that they "affect the marketability of title"; and that they "interfere both potentially and actually" in the "quiet possession" of the property by the complainants. On this point, there was some evidence at trial concerning what uses the phone company contemplated for some of the easements. There was also evidence of

actual use; testimony was presented with respect to where on the property the easements were located and where some of the phone company's equipment has been placed. Nevertheless, there was no evidence that the actual or potential use of any of the easements by the phone company would interfere with the ability of the complainants to occupy or enjoy their property. Furthermore, there was no proof that the complainants have been or will be prohibited from engaging in any activities because of the easements.

In a similar vein, the evidence on marketability does not support the complainants' argument. While both Mr. Downey and Mr. Dickey provided credible testimony that three of the four recorded easements are exceptions to the title, there was no additional evidence to prove in what specific ways any of the easements would affect the marketability of the title. For example, there was no evidence that the existence of any of the disputed easements rendered the property less valuable or that their removal would increase the value by any specified amount. Moreover, there was no evidence to establish that the easements would reduce or eliminate the market of potential purchasers for the property or that their continued existence would make it more difficult to develop or sell the land. Thus, while the easements may have some impact on the property in that title and ownership are subject to them, it does not follow that the marketability of the title has been impaired, reduced, or curtailed. In short, a distinction can be drawn between an easement that is an exception to the title and an easement that adversely affects the marketability of the title.

It should also be noted that there is another reason why no relief is available regarding the easement identified in Complainants' Exhibit Number 17. Here, it is critical to stress that the complainants concede that this easement is a valid utility right of way. However, the complainants ask the court to revise the terms of the easement because of the evidence at trial regarding the manner in which it has been used. The complainants cite the testimony that was elicited about where on their property the company placed its fixtures and equipment in reliance upon the easement. As a result, the complainants request that the court exercise its authority to revise and modify the terms of the easement so that the phone company's rights under the easement are strictly limited to the specific area of the property where actions have already been taken by the company.

Nevertheless, this relief has not been prayed for in the pleadings and the phone company was not put on notice that it would be requested at trial. Furthermore, such relief would not be consistent with what the complainants ask for in this action to quiet title. In this regard, at trial, it should be noted that they actually conceded that this easement is not a cloud on their title that merits removal. (Trial Transcript, p. 128.) Rather, what they seek at this point

134

is an order that would limit the scope of the easement, restrict its parameters, and more narrowly define its location on the property. In the court's view, this specific relief is not available in this cause of action; whether such relief should be awarded would need to be addressed in another proceeding.

Finally, with regard to the easement identified in Complainants' Exhibit Number 18, there exists an additional reason why the request for relief should be denied. Here, the evidence demonstrates that the easement was first brought to the attention of the complainants when it was listed as an exception on the title report that they procured for their property. However, based on the property description contained in the recorded document, the evidence proved that the easement does not apply to the Downey property. Therefore, it is not a cloud on title that can be removed by the court in this cause of action.

It should be noted that there was some evidence at trial to suggest that, based on this easement, the phone company placed certain fixtures and equipment on the property. However, it is not necessary for the court to discuss this evidence or to make any specific findings about it. Rather, it must be stressed that, if the phone company took actions due to a mistaken reliance on an easement that does not authorize the company to enter on the Downey property, other remedies to address this claim beyond the scope of this litigation are available to the complainants. Similarly, that the easements may have been incorrectly included on a title report that pertains to the property does not authorize the court to remove it as a cloud on title in this action.